UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CAROL T. DEAN** | **CIVIL ACTION NO: 5:12-CV-02934** |
| **VERSUS** | **JUDGE MAURICE HICKS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |
| | **JURY TRIAL** |

AMENDED COMPLAINT WITH JURY TRIAL DEMAND

**JURISDICTION**

1. This is a Civil Action for damages brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the ADAAA complaining of discrimination based upon disability in employment by discharge and failure to accommodate. Jurisdiction is founded upon 28 U.S.C. 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under State law. LSA-R.S. 23:323.

2. Plaintiff, **CAROL T. DEAN** has complied with all the jurisdictional prerequisites of the ADAAA, as follows:

   A. On or about February 14, 2011, Plaintiff initially notified the Equal

    Employment Opportunity Commission at its district office in New Orleans, Louisiana, of her charge of discrimination;

**B.** On or about August 28, 2012, the EEOC notified Plaintiff of the termination of any further processing of this charge of employment discrimination by letter dated August 22, 2012, and that Plaintiff has the right to institute this action within ninety days of the receipt of the notification.

**C.** Plaintiff has filed this action within ninety (90) days of the receipt of her notice of right-to-sue.

## PARTIES

**3.** Plaintiff herein, **CAROL T. DEAN,**, is a U.S. citizen, domiciled in and a resident of Meridian, Mississippi.

**4**. Made Defendant herein is **STATE OF LOUISIANA,** through the Department of Social Services, Office of Families and Children, and Department of Children and Family Services, 2123 Shed Road, Bossier City, LA 71111. State of Louisiana is a sovereign State of the United States of America. Its agent for service of process is the Louisiana Attorney General, Baton Rouge, La. State of Louisiana is an employer or provider as those terms are defined in the *Americans with Disabilities Act as amended by Americans With Disabilities Amendments Act of 2008 (ADAAA), 42 U.S.C.A., Section 12101, et seq.*, and

Section 504 of the Rehabilitation Act of 1973.

## **FACTS**

5. Mrs. Dean first became employed by Respondent on or about December 21, 1998. Her last day on the job was January 21, 2011. She was a case manager earning approximately $48,000.00 salary annually plus benefits and bonuses. She performed her duties satisfactorily. A significant part of her duties included typing reports.

6. Dean underwent several surgeries for carpal tunnel syndrome: first on her left hand in 2006 and then in February 2010. She had surgery on her right hand on June 11, 2010. She was on restrictions for each of the first surgeries for about 30 days. She applied for FMLA each time and the State granted it. After the last surgery in June 2010, she was on restrictions for about 90 days.

7. Mr. Goudeau told Mrs. Dean to have her doctor remove the restrictions before returning to work. Sometime around July 11, 2010, Mrs. Dean spoke with her supervisor James Goudeau. Mrs. Dean presented her doctor's recommendations for an accommodation including ergonomic equipment. Goudeau said he didn't have to do anything. He requested that she return to work but she refused without the accommodation. Typing caused her to have significant pain. Her hands went numb. She had difficulty with fine motor skills. She complained up the chain of command to a regional supervisor and civil

service, but did not obtain any relief.

8. During October 2010, Dean was told that her FMLA leave was running out. She provided additional doctor's excuses. In November, she was told that if she did not return she would be fired. Her accommodation request had been refused arbitrarily and without reasons. She returned to work in December. She also attempted to apply for retirement in December 2010. She applied for retirement due to her employer's failure to accommodate her. Without the accommodations, plaintiff would be required to work in substantial pain.

9 Around December, 7, 2010, she returned to work. She had extreme difficulty in typing very much. She began doing other jobs such as answering the phone or filing. She was told that she couldn't do those jobs for long. Her supervisors repeated that they didn't know what they could do with her

10. Although she and her physician requested accommodations from the State, no one from the State provided any accommodation or made any suggestion of an accommodation until she was allowed to return to work. The State was not diligent in supplying Mrs. Dean with an accommodation which was a reasonable and routine one and did not cause any hardship. Mrs. Dean asked that she be permitted to hand write all of her reports, but that wasn't allowed either. It was required that all reports be typed.

11. Carpal tunnel syndrome currently affects Plaintiff's mobility in her hand and

      wrists. Her fine motor skills are compromised: for example, buttoning, turning a knob, writing are done with a great deal of difficulty. At times, the carpal tunnel syndrome becomes so painful that it prevents her from rotating or moving her hands and thus freezing her hands. She has to rest her hands to regain movement in her hands. On long drives, her hands become very painful. She has difficulty doing simple tasks such as opening a bottle or fastening her seat belt. This statement is illustrative only.

12. Respondent refused to engage in an interactive process to find Mrs. Dean an accommodation. Dean asked at least four times for an accommodation in 2010 after her last surgery. Among other things, with the requested modifications to her work station and being permitted periodic breaks, she was qualified and could perform the essential functions of her job.

## CAUSE OF ACTION:

**DISCRIMINATION IN EMPLOYMENT,
IN VIOLATION OF THE ADAAA
FAILURE TO ACCOMMODATE AND DISCHARGE
<u>42 U.S.C.A. §12101, et seq; and
Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq</u>**

13. Plaintiff hereby realleges, reurges and readopts and incorporates by reference as if fully set forth herein, each and every allegation of Paragraphs 1-12 herein above.

14. At all times relevant and pertinent herein, Plaintiff was an employee and qualified individual within the meaning of the Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq *and  Americans With Disabilities Act of 1990, 42 U.S.C., Section 12101*, as amended, protected against discrimination in employment on the basis of a significant impairment of a major life activity, in that Plaintiff has a substantial impairment of her ability to work and use her hands, the disability substantially limits her fine motor skills.  She had the ability to satisfactorily perform essential job duties with reasonable accommodations.

15. At all times material hereto, Defendant was an employer or provider within the meaning of the Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq and  ADAAA, *Americans With Disabilities Acts of 1990, 42 U.S.C., Section 12101*, having fifteen or more employees, and as such was prohibited from discriminating in employment decisions on the basis of a disability or a perceived disability or an employee who has a record of a disability.

16. Plaintiff has been discriminated against by Defendant because she was actually disabled or was regarded as having a disability or had a record of a disability in violation of the *ADAAA* and Section 504 by Defendant engaging in a course of conduct which included failing to accommodate plaintiff and wrongfully causing Plaintiff's constructive discharge, forcing her to retire at a time when there was a reasonable accommodation available that would permit her to continue working.

      Her employer forced her into retirement by giving her the choice of working in substantial pain or quitting. The employer failed to provide a reasonable accommodation, giving Plaintiff no choice but to retire. She had not planned to retire for several years under the State's DROP plan.

17. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer losses incurred in loss of past and future earnings, bonuses, deferred compensation, and other employment benefits, embarrassment, humiliation, anxiety, distress, physical pain and suffering, plus expenses and attorney's fees, inconvenience in seeking and/or obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

18. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer embarrassment, physical pain and suffering, humiliation and anguish, and other incidental, consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

## **MISCELLANEOUS**

19. Plaintiff desires a Jury Trial on all issues triable by a Jury.

20. For the violation of her rights under 42 U.S.C.A. 12101, and 29 USC 701 et seq, Plaintiff is entitled to special damages for loss of past and future income and is also entitled to general damages for mental distress, embarrassment and

humiliation, inconvenience, consequential damages, past and future physical and mental pain and suffering, loss of occupational opportunities and loss of enjoyment of employment, attorney fees and costs of court.

21. Plaintiff shows that the Louisiana Department of Children and Family Services receives federal financial assistance and is thus subject to Section 504 of the Rehabilitation Act of 1973.

22. Plaintiff asserts claims under Louisiana state law including LSA-R.S. 23:323.

**WHEREFORE, PLAINTIFF CAROL T. DEAN PRAYS THAT:**

A. The Plaintiff be granted a declaratory judgment against Defendant, STATE OF LOUISIANA declaring its employment practices relative to Plaintiff are illegal.

B. Defendant pay unto Plaintiff compensatory damages, consequential damages and lost wages as are reasonable in this matter.

C. Plaintiff be awarded costs of suit, reasonable attorneys' fees, litigation expenses herein and prejudgment interest.

D. She be granted a Jury trial on all issues so triable herein.

**Plaintiff FURTHER PRAYS** for all Orders and Decrees necessary and proper in the premises; for general and equitable relief.

Respectfully submitted:


/s/ *Nelson W. Cameron*
NELSON W. CAMERON           (Bar No. 1283)
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
318-226-0111 Telephone
318-226-0760 Facsimile

Counsel for Plaintiff, Carol T. Dean